IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MYOUN L. SAWYER,**

                            **Plaintiff,**

        v.                                    CASE NO. 12-3012-SAC

**CHRISTOPHER BURKE, et al.,**

                            **Defendants.**

**MEMORANDUM AND ORDER**

This matter comes before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. The plaintiff is a convicted sex offender who was civilly committed upon his release from prison. *See* K.S.A. 59-29a01, *et seq*. He is housed at the Larned State Hospital and assigned to the Sexual Predator Treatment Program (SPTP). Plaintiff proceeds pro se, and the court grants leave to proceed in forma pauperis.

**Background**

The complaint names as defendants Christopher Burke, Superintendent of the Larned State Hospital; Austin DesLauriers, Clinical Director of the Sexual Predator Treatment Program (SPTP); Thomas Kinlen, Supervising Psychologist; and Nicole Tice, Psychologist II. All defendants are part of plaintiff's SPTP treatment team.

The complaint alleges that on December 5, 2011, plaintiff

received a sealed package from Walkenhorst's[1]. The sales order reflects that plaintiff's order was processed within 36 hours and that the package contents included food and hygiene supplies and electronics, including an MP3 player, batteries, a video cable, a DVD player, a television, a clock, and a surge supressor.(Doc. 1, Ex. A.) The package was seized by security staff due to plaintiff's inability to produce an updated request form, that is, one that had been approved within the preceding sixty days. This action was taken pursuant to policy for the SPTP. (Ex. E.)

Plaintiff's most recent request form had been submitted on August 24, 2011, and approved on August 30, 2011, for the following property: a factory-sealed television, a factory-sealed stereo, and factory-sealed CDs. At that time, plaintiff was advised to resubmit his request for DVDs and a DVD player when he attained privilege levels A and B. (Ex. D.)

Following the detention of the package, plaintiff submitted request forms on December 5, 2011, and December 13, 2011, concerning only limited property, namely, a radio/stereo and clock. Plaintiff was classified as Security Level 0 at the time of the December requests. According to the Resident Handbook, a person at this level may possess two books, two magazines, and two newspapers at any one time, and a radio, C.D. player, or tape player. (Doc. 1, Ex. B.) A person at this level is not allowed to have a television, a DVD

---

[1] Walkenhorst's is a company that specializes in supplying products to inmates by shipping to correctional facilities. *See* www.walkenhorsts.com.

player, video gaming equipment, a computer, an extension cord, or a surge protector. (Ex. C.)

Plaintiff received no response to his written request. He also made verbal inquiries concerning the request. He did not receive the electronics he sought, but he was allowed to receive food and hygiene items that were part of the package contents.

The remainder of the package contents was returned to the company on or about December 29, 2011, and plaintiff was given a shakedown sheet showing that action.

## Discussion

Plaintiff proceeds in forma pauperis pursuant to 28 U.S.C. §1915. Because he is proceeding in that status, the court must dismiss this matter if it fails to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ...(B) the action or appeal –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.")

Next, because plaintiff proceeds pro se, the court must liberally construe his pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(per curiam). Under this approach, if the complaint reasonably may be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority,...confusion of

various legal theories, ... poor syntax and sentence construction, or... unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A dismissal for failure to state a claim for relief "is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008)(citation omitted).

To avoid dismissal of a complaint on the ground it states no claim for relief, a plaintiff must allege sufficient facts, taken as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Bare pleadings are not enough to avoid dismissal; "[a] pleading that offers labels and conclusions or a forumlaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 555, 557)(internal citations omitted).

Plaintiff alleges violations of the Fifth and Fourteenth Amendments, which prohibit the government from depriving a party of life, liberty, or property absent due process of law. *See, e.g., Hydrick v. Hunter*, 466 F.3d 676, 696 (9th Cir. 2006), *vacated on other grounds and remanded*, 129 S.Ct. 2431 (2009)(due process requires civilly committed offenders to receive notice and opportunity to be heard before being denied privileges).

Here, the complaint and attachments show that plaintiff

received approval to have certain property in August 2011. It does not appear that plaintiff ordered the property promptly, as the vendor records from December 2011 state the order was processed within 36 hours. When the property arrived at the Larned State Hospital, the approval was outdated, and plaintiff's security level was too low, under program policy, to allow him to receive the electronic devices included in the property. Plaintiff was advised of this and was given the items that were consistent with his security status. The remaining property was held for a period of time and then returned to the sender.

First, to the extent plaintiff asserts violations of the Fourteenth Amendment on claims his mail was taken without fair procedure, the court sees no merit to his contention. The materials show that property was not released to the plaintiff due to his security status. Plaintiff received written notice of the withheld property, and he does not contest the basis for that action.

Next, while plaintiff broadly alleges discrimination, he alleges no facts that support that assertion. As noted, the record shows that the property was withheld due to plaintiff's ineligibility under SPTP guidelines and not on any prohibited basis.

Finally, to the extent plaintiff alleges the deprivation of property as a separate claim under the Fifth Amendment, his claim lacks merit. The Fifth Amendment provides that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law...." U.S. Const. amend. V. Likewise, the Due Process Clause of the Fourteenth Amendment states that a state shall not "deprive any

5

person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1.

In this case, not only was the denial of the electronics property in question authorized by policy, it appears from the attachments to the complaint that plaintiff had, and used, a grievance procedure to address his claims concerning the property. The court finds no merit to plaintiff's claim that he was denied appropriate due process.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 4), motion for relief (Doc. 5), motion for entry of default (Doc. 7), and motion for default judgment (Doc. 8) are denied.

A copy of this Memorandum and Order shall be transmitted to the plaintiff.

**IT IS SO ORDERED**.

DATED:  This 21st day of August, 2012, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge